IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                       Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 3:22-CV-50167 |
| v. | ) | |
| | ) | |
| THE ILLINOIS DEPARTMENT | ) | |
|      OF CORRECTIONS, | ) | Judge Iain D. Johnston |
| | ) | |
|                       Defendant. | ) | |

**CONSENT DECREE BETWEEN THE UNITED STATES AND THE ILLINOIS DEPARTMENT OF CORRECTIONS**

**I.    INTRODUCTION**

1. Plaintiff United States of America ("United States") brought this action against Defendant Illinois Department of Corrections ("IDOC") to enforce the provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §4301, *et seq*. ("USERRA"), following the United States' receipt, from the Department of Labor's Veterans' Employment and Training Service, of a claim of discrimination timely filed by Roderick Workman ("Mr. Workman") against IDOC.

2. This Court has jurisdiction over this action under 28 U.S.C. §1331 and 38 U.S.C. §4323(b)(1).

3. In its complaint, the United States alleges that IDOC violated Mr. Workman's reemployment rights under USERRA by failing to reemploy Mr. Workman in the proper escalator position upon his return from a period of uniformed service.

1

4. The Parties, desiring that this suit be settled by an appropriate Consent Decree ("Decree"), and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties further agree to the entry of this Decree as final and binding between them with regard to the claims raised in the United States' Complaint.

5. This Decree, being entered into with the Parties' consent, shall not constitute an adjudication or finding on the merits of the case as to any party.

6. Subject to the Court's approval of this Decree, for purposes of this Decree only, the Parties waive hearings and findings of fact and conclusions of law on all issues pertaining to the Parties to this Decree, including the liability alleged under USERRA.

7. In resolution of this action, the Parties AGREE to, and the Court expressly APPROVES, ENTERS, and ORDERS, the following:

## II. PARTIES AND DEFINITIONS

8. "Days:" In this Decree, deadlines of more than thirty days shall be calculated using calendar days, and deadlines of thirty days or fewer shall be calculated using business days. If any deadline referenced in this Decree falls on a weekend or federal holiday, the deadline will be moved to the next business day.

9. "Entry" of the Decree refers to the date the Clerk of Court enters this Decree.

10. "Plaintiff" refers to the United States.

11. "Defendant" and "IDOC" refer to the Illinois Department of Corrections and includes its current, former and future agents, employees, officials, designees, and successors in interest.

12. "Parties" refers collectively to Plaintiff United States and Defendant IDOC.

**III.   GENERAL INJUNCTIVE RELIEF**

13. Defendant, by and through its officials, agents, employees, and all other persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not engage in any act or practice that constitutes a violation of servicemembers' reemployment rights under USERRA and shall promptly reemploy returning servicemembers in the position they were reasonably certain to have attained absent uniformed service.  In making this determination, Defendant shall consider all available evidence, including but not limited to the promotional opportunities that would have been available to the servicemember, the servicemember's experience, positions in which the servicemember had previously expressed interest and/or obtained a grade, the servicemember's seniority (if required by the collective bargaining agreement governing a particular opportunity), positions the servicemember had declined 1) prior to their military service or 2) during their military leave (provided the servicemember (rather than IDOC) initiates the contact and/or job application process during their military leave), and the reasons for such declination, and the geographic location of any vacancy.

**IV.   DEVELOPMENT AND REVISION OF RELEVANT POLICIES**

14.  Within sixty (60) days from the date of entry of this Decree, Defendant shall review and draft new or revise its existing written policies and procedures relating to servicemembers' rights under USERRA and/or military leaves of absence to include, at a minimum, a clear statement that servicemembers may have reemployment rights under USERRA and, if so, that returning servicemembers must be promptly restored to the job and benefits they would have attained with reasonable certainty if not for their absence due to uniformed service (under 38 U.S.C. §§ 4312-13 and 20 C.F.R. §§1002.191-92);

    the position title and contact information for a staff member who can answer questions related to USERRA and military leaves of absence; and a mechanism for employees to report complaints regarding potential violations of USERRA internally.

15. Defendant shall provide copies of any new or revised policies and procedures pursuant to Paragraph 14 to counsel for the United States no later than sixty (60) days after the entry of this Decree. The United States may object to the proposed policies and procedures if they do not comply with this Decree's terms or do not accurately state, or conform to, controlling legal standards. The United States will notify Defendant in writing within fifteen (15) days of receipt of these proposed policies and procedures of any objection(s) to the proposed policies and shall specify the nature of the objection(s).

    a. If the United States does not object during the objection period, Defendant shall implement the policies within ten (10) days after the end of the objection period and completion of any required collective bargaining.

        i. If the collective bargaining process results in proposed revisions to the policies or procedures, Defendant shall notify the United States in writing and provide copies of the proposed revisions within seven (7) days. The United States will notify Defendant within fifteen (15) days of receipt of these proposed policies and procedures of any objection(s) to the proposed policies and shall specify the nature of the objection(s). If the United States does not object, Defendant shall implement the revised policies and procedures within ten (10) days after the objection period.

    b. If the United States objects during the objection period, Defendant may not implement any policies or procedures pursuant to Paragraph 14 until the

objections have been resolved. The Parties will confer in good faith regarding any disagreements concerning the proposed policies and procedures before instituting the proceedings pursuant to Paragraph 32. Within ten (10) days of the resolution of any objection(s), whether by agreement or by order of this Court, and after completion of any required collective bargaining, Defendant shall implement the policies and procedures as resolved.

16. Within fifteen (15) days from the date upon which Defendant implements the written policies and procedures outlined in Paragraph 14, Defendant shall:

   a. provide final copies of such policies and procedures to the United States;

   b. distribute copies of all new or revised policies and procedures described in Paragraph 14 to all employees, including supervisors;

   c. require each existing employee, agent, and/or official of the Defendant who receives a copy to sign an acknowledgment of receipt and review (which may be accomplished by electronic means, such as by e-signature or electronic confirmation);

   d. ensure that each new employee, supervisor, or human resources staff member (1) receives a copy of the written policies and procedures described in Paragraph 14 at the time of the individual's hire, selection, or appointment, and (2) signs an acknowledgment of receipt and review (which may be accomplished by electronic means, such as by e-signature or electronic confirmation);

   e. retain all acknowledgment required under this Paragraph in a retrievable format, whether within an electronic system designed for this purpose or within the employee's personnel file; and

    f. publicize such policies and procedures by, *inter alia*, posting them in all buildings and facilities used for posting EEO information in effect for IDOC and on any internet or intranet website used for posting notices, policy changes, or disseminating reference documents for IDOC staff.

## V. TRAINING

17. Defendant will provide mandatory annual training regarding USERRA rights and responsibilities to all of its employees. The training shall include, at a minimum:

    a. a review and explanation of USERRA's protections for servicemembers and its retaliation provision;

    b. a review and explanation of Defendant's policies and procedures governing military leaves of absence and reemployment following military leaves of absence (including but not limited to the policies and procedures described in Paragraph 14); and

    c. the name and contact information for a point of contact who can address questions, concerns, or complaints regarding Defendant's USERRA policies, procedures, or determinations.

18. In addition to the training referenced in Paragraph 17, Defendant shall also provide further mandatory, interactive trainer-led training and sessions to staff with any responsibility for processing military leaves of absence and/or reemployment requests from servicemembers returning from military leave. The training shall include, at a minimum:

    a. a description of the circumstances under which returning servicemembers are entitled to reemployment under USERRA;

    b. a clear statement that, when determining the appropriate reemployment position for a returning servicemember, promotional positions that have been vacant during the servicemember's absence due to uniformed service must be considered if it is reasonably certain that the servicemember would have gotten that position but for their military service;

    c. guidance regarding the factors staff should consider when determining whether a servicemember would have attained a particular position with reasonable certainty if not for their absence due to uniformed service including but not limited to the promotional opportunities that would have been available to the servicemember, the servicemember's experience, positions in which the servicemember had previously expressed an interested and/or obtained a grade, the servicemember's seniority (if required by a collective bargaining agreement governing the particular opportunity), positions the servicemember had declined 1) prior to their military service or 2) during their military leave (provided the servicemember (rather than IDOC) initiates the contact and/or job application process during their military leave), and the reasons for such declination, and the geographic location of any vacancy); and

    d. the name and contact information of a staff member familiar with USERRA who can be contacted to assist in the resolution of reemployment issues and/or provide further fact-specific advice related to USERRA.

19. Within sixty (60) days after Defendant implements the policies and procedures described in Paragraph 14 above, Defendant will submit drafts of proposed training materials for the trainings pursuant to Paragraphs 17-18 to the United States for review. The United

States may object to the proposed training materials if they do not comply with this Decree's terms or do not accurately state, or conform to, controlling legal standards. The United States will notify Defendant in writing within fifteen (15) days of receipt of the proposed training materials of any objection(s) to the proposed policies and shall specify the nature of the objection. If the United States does not object within the specified period, Defendant may proceed with the training. If the United States objects within the specified period, Defendant may not proceed with the training until the objection(s) have been resolved. The Parties will confer in good faith regarding any disagreements concerning the proposed training materials prior to instituting proceedings pursuant to Paragraph 32.

20. Within one hundred and twenty (120) days from the date that the Parties have agreed to the proposed training materials or, absent agreement, ordered by this Court, Defendant, at its own cost, shall:

    a. provide mandatory training regarding the new policies and procedures adopted or amended pursuant to Paragraph 14 to all employees of IDOC as required by Paragraphs 17 and 18;

    b. ensure that newly hired employees attend training regarding the new policies and procedures adopted or amended pursuant to Paragraph 14 (and as required by Paragraphs 17-18) within thirty (30) days of hire, selection, or appointment for the duration of this Decree; and

    c. obtain a signed acknowledgment of attendance (which may be accomplished by electronic means, such as by e-signature or electronic confirmation) from each

attendee and shall retain these acknowledgments, either electronically or in paper copy, for the duration of this Decree.

21. Within thirty (30) days of the completion of the initial trainings under Paragraphs 17 and 18, Defendant shall provide the United States with copies of all training materials used and written confirmation that all individuals required to receive training have attended.

### VI. INDIVIDUAL RELIEF FOR RODERICK WORKMAN

22. In settlement of the United States' claims, Defendant shall pay Mr. Workman the amount of $9026.71 (with $8705.78 allocated to back wages and $320.93 allocated to prejudgment interest based on the average prime rate of 3.45%). Defendant shall initiate the processing of this payment within fourteen (14) days of the date of entry of this Decree.

23. Regarding the portion of the relief in Paragraph 22 designated as back wages, Defendant shall:

    a. not deduct any employer taxes or pension contributions from the amount paid to Mr. Workman;

    b. withhold all required federal, state, and local income tax withholdings, statutory deductions, and employee pension contributions; and

    c. transmit the employer's portion of the pension contributions at the certified rate to the State Employees' Retirement System no later than the date the employee's contributions are transmitted to the State Employees' Retirement System.

24. Within five (5) business days of the issuance of the payment referenced in Paragraph 22, Defendant shall furnish a copy of the check or other payment method and related correspondence to the United States.

25. Defendant shall ensure that Mr. Workman is issued the appropriate Internal Revenue Service tax forms relating to the payment referenced in Paragraph 22 on or before the date it is required by law to do so.

26. Within thirty (60) days of the entry of this Decree, Defendant shall confer with the State Employees' Retirement System to review Mr. Workman's pension information and contributions to ensure that he will be credited with the appropriate number of months of service as a Corrections Transportation Officer I.

27. Within ninety (90) days of the entry of this Decree, Defendant shall submit documentation to the United States regarding its review of Mr. Workman's pension and contributions. This documentation shall include Defendant's calculations and the basis for these calculations, evidence of any additional contributions made by Defendant as a result of this review (if applicable).

## VII. RECORDKEEPING AND COMPLIANCE MONITORING

28. Defendant shall retain all records necessary to document the implementation of this Decree and shall furnish any additional records and documents relevant to its compliance with the implementation of this Decree to the United States within thirty (30) days of any written request to Defendant's counsel.

29. Defendant shall retain all records, including any papers, electronic files or writings of any kind, reports, studies, memoranda, letters, notes, charts, tables, rosters, manuals, guidelines, rules, lists, tabulations, press releases, books, articles, treatises, recordings or transcriptions of minutes, electronic files, machine-readable format files, computer files, or audio or video recordings, electronic mail, and facsimiles, that come into its possession relating to complaints or claims of employment discrimination based on military service

and/or affiliation (including but not limited to complaints of failure to promptly reemploy following uniformed service) made by employees (a) internally; (b) with the Department of Labor, or (c) through or with any other federal or state agency authorized to receive such complaints.

30. Defendant shall provide to the United States written documentation identifying any complaints of employment discrimination based on alleged failures to promptly reemploy servicemembers following military service as well as any associated complaints of retaliation, whether received internally or through the Department of Labor or any other federal or state agency, within thirty (30) days of receiving any such complaint. This written documentation will include:

    a. the date of the complaint and, if different, the date Defendant received it;

    b. whether the complaint was oral or written;

    c. a detailed description of the complaint;

    d. the name(s) and title(s) of the individual(s) who conducted or are conducting the investigation on Defendant's behalf, the date the investigation was concluded, and the steps taken during the investigation;

    e. if an investigation is ongoing, the stage of the investigation, the name(s) of the individual(s) interviewed, and an estimate of when the investigation is expected to conclude; and

    f. the findings of the investigation and nature of any corrective action or discipline given.

Upon request of the United States, Defendant shall produce additional documents and information relating to any complaint of employment discrimination based on military

membership or service, and any related complaints of retaliation, within thirty (30) days of any written request to Defendant's counsel.

31. The obligations in Paragraphs 28-30 apply for the duration of the Decree as outlined in Section XI.

## VIII. DISPUTE RESOLUTION

32. The Parties shall attempt to resolve informally any dispute that may occur under this Decree. The Parties shall engage in good faith efforts to resolve the issue before seeking action by the Court. If the Parties are unable expeditiously to resolve the issue, any Party may move the Court to enforce this agreement and may seek a ruling that enforces this Court Order, provided that written notice is first provided to the other party at least seven (7) days in advance of taking such action.

## IX. RETENTION OF JURISDICTION

33. For the Decree's duration, the Court will retain jurisdiction over this Decree to implement the relief provided herein and resolve any disputes or entering any orders that may be necessary to implement the relief provided herein. This jurisdiction shall terminate as provided in Paragraph 46.

## X. ADDITIONAL PROVISIONS

34. This Decree constitutes the entire agreement and all commitments between the Parties to this Decree. Except for changes to dates and mailing addresses as described in Paragraphs 40 and 44, any modifications to this Decree must be mutually agreed upon and memorialized in writing and signed by all Parties and/or ordered by the Court.

35. For purposes of construing this Decree, the Decree shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

36. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

37. There is no private right of action to enforce Defendant's obligations under the Decree and only the United States may enforce compliance herewith.

38. The Parties agree that, as of the date of entry of this Decree, additional litigation regarding this matter is not reasonably foreseeable. To the extent that any Party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to this matter, the Party is no longer required to maintain such a litigation hold. Nothing in this Paragraph relieves any Party of any other obligations imposed by this Decree, including the obligation to maintain documents demonstrating compliance with this Decree.

39. The United States and Defendant shall bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring, except that the Parties shall retain the right to seek costs and fees for any matter which, in the future, may arise from this Decree and require resolution by the Court.

40. The time limits set forth throughout Sections IV-VI of this Decree may be expanded by mutual consent of the Parties or upon motion to the Court following written notice to the other Party and the opportunity for the other Party to respond thereto.

41. To the extent possible, all documents required to be delivered to the Parties under this Decree shall be sent via electronic mail.

42. Where such electronic delivery is not possible, all documents required to be delivered under this Decree to the United States shall be sent to the following physical address <u>via overnight delivery service</u>:

> John Buchko, Deputy Chief
> Dena Robinson, Trial Attorney
> Hillary Valderrama, Trial Attorney
> Employment Litigation Section
> 150 M Street, NE, Room Number 9.1417
> Washington, D.C. 20002
> john.buchko@usdoj.gov
> dena.robinson@usdoj.gov
> hillary.valderrama@usdoj.gov

43. Where such electronic delivery is not possible, all documents required to be delivered under this Decree to Defendant will be sent to the following physical address:

> Courtnay C. O'Connell
> Senior Personnel Counsel
> Office of Legal Services
> Department of Central Management Services
> 555 West Monroe, 13th Floor
> Chicago, IL 60661
> Courtnay.OConnell@illinois.gov

44. The Parties may update physical or electronic mailing addresses without requiring any changes to the Consent Decree.

45. This Decree may be executed in multiple counterparts, which may be in original or in electronic image copy (facsimile, .pdf, .tiff, etc.), each of which together shall be considered an original but all of which shall constitute one Decree. The Parties agree to be bound by facsimile signatures.

## XI. DURATION OF THE DECREE

46. Unless otherwise ordered by this Court, and absent the pendency of any motion related to this Decree, this Decree shall expire eighteen (18) months from the date of Entry of the

Decree without further order of the Court. After this time is reached, the United States may not seek to enforce any provision of this Decree and Defendant is not required to furnish any documentation to the United States pursuant to Section VII.

47. Either Party may move the Court to extend the Decree's duration upon a showing of good cause, including but not limited to noncompletion of material terms of the Decree.

It is so ORDERED this \_\_\_\_\_ day of _____, 2022.

_____
Hon. Iain D. Johnston
United States District Judge

| | |
|---|---|
| Agreed and consented to:<br><br>KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>/s/ *Karen D. Woodard*<br>KAREN WOODARD (MD Bar)<br>Chief<br><br>/s/ *John P. Buchko*<br>JOHN BUCHKO (DC Bar No. 452745)<br>Deputy Chief<br><br><br>/s/ *Dena Elizabeth Robinson*<br>DENA E. ROBINSON (DC Bar No. 252881)<br>HILLARY K. VALDERRAMA (TX Bar No. 24075201)<br>Trial Attorneys<br>Civil Rights Division<br>Employment Litigation Section<br>4 Constitution Square<br>150 M Street, N.E., Room Number 9.1417<br>Washington, DC 20002<br>Phone: (202) 598-1578 (Robinson) / (202) 616-5546 (Valderrama)<br>Facsimile: (202) 514-1005<br>Dena.Robinson@usdoj.gov<br>Hillary.Valderrama@usdoj.gov<br><br><br><br>*Counsel for Plaintiff United States*<br><br>Dated:  May 23, 2022 | /s/ Robert L. Fanning<br>ROBERT L. FANNING<br>Chief Legal Counsel<br>Illinois Department of Corrections<br>Legal Services<br>1301 Concordia Court<br>P.O. Box 19277<br>Springfield, IL 62794-9277<br>Cell:  (217) 725-2435<br>robert.fanning@illinois.gov<br><br>*Counsel for Defendant Illinois Department of Corrections*<br><br><br>/s/ *R. Douglas Rees*<br>R. DOUGLAS REES<br>Deputy Attorney General, Civil Litigation<br>Office of the Illinois Attorney General<br>100 W. Randolph<br>Chicago, IL 60601<br>Cell:  (773)-590-7003<br>Richard.rees@ilag.gov<br><br>Office of the Illinois Attorney General<br><br>*Counsel for Defendant Illinois Department of Corrections*<br><br><br><br><br>Dated:  May 23, 2022 |